UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| WILLIAM MARSHALL, | § | Case No. 3:23-cv-02556-X |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
ITS MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT**

i

**TABLE OF CONTENTS**

I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT ................................. 1

II.   BACKGROUND ......................................................................................... 1

III.  LEGAL ARGUMENT .................................................................................. 2

    A.  Default Judgment Standard.................................................................... 2

    B.  Default Judgment is Procedurally Warranted ............................................ 3

    C.  There is Sufficient Basis for the Entry Of Judgment ................................. 5

        1.  Plaintiff has stated a claim for copyright infringement ...................................... 6

        2.  Plaintiff's First Amended Complaint Plausibly Identified Defendant as the Infringer ................................................................................................. 11

IV.   THE COURT SHOULD AWARD PLAINTIFF ITS REQUESTED RELIEF .... 12

    A.  Permanent Injunctive Relief & Destruction of Infringing Copies ........................ 12

    B.  Minimum Statutory Damages Per Infringed Work............................................... 14

    C.  Statutory Filing & Administrative Fees and Service Costs ................................. 15

    D.  Post-Judgment Interest..................................................................................... 15

    E.  Attorneys' Fees ............................................................................................... 15

V.    CONCLUSION................................................................................................. 16

## TABLE OF AUTHORITIES

**Cases**

*A & M Records, Inc. v. Napster*,
   239 F.3d, 1004 (9th Cir. 2001) ...................................................................................... 9

*Am. Registry of Radiologic Technologists v. Bennett*,
   No. 12-109, 2013 WL 4520533 (W.D. Tex. Aug. 26, 2013)...................................... 14

*Arista Records LLC v. Greubel*,
   453 F. Supp. 2d 961 (N.D. Tex. 2006) ...................................................................... 10

*Arista Recs. LLC v. Stone,*
   No. 07-232, 2007 WL 9710840 (W.D. Tex. Sept. 26, 2007) .................................... 12

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)................................................................................................ 5, 12

*Atl. Recording Corp. v. Anderson*,
   No. 6-3578, 2008 WL 2316551 (S.D. Tex. Mar. 12, 2008) ...................................... 10

*Atl. Recording Corp. v. Anderson*,
   No. H-06-3578, 2008 U.S. Dist. LEXIS 53654 (S.D. Tex. Mar. 12, 2008) ............... 9

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)................................................................................................. 5, 12

*BMG Music v. Gonzalez*,
   430 F.3d 888, 890-91 (7th Cir. 2005) ....................................................................... 10

*Burroughs v. Metro-Goldwyn-Mayer, Inc.*,
   683 F.2d 610 (2d Cir. 1982)......................................................................................... 9

*BWP Media USA, Inc. v. T & S Software Assocs., Inc.*,
   852 F.3d 436 (5th Cir. 2017) ....................................................................................... 6

*Clear Skies Nevada, LLC v. Kainu*,
   No. 16-811, 2017 WL 4021121 (D. Or. Aug. 21, 2017) ............................................. 9

*Conley v. Gibson,*
   355 U.S. 41 (1957)........................................................................................................ 5

*Connelly v. Lane Const. Corp.*,
   809 F.3d 780 (3d Cir. 2016)......................................................................................... 7

*Dallas Buyers Club, LLC v. Bui*,

No. 14-1926, 2016 WL 1242089 (W.D. Wash. Mar. 30, 2016) ............................................. 13

*DSC Comm. Corp. v. DGI Tech.*,

898 F. Supp.1183 (N.D. Tex. 1995) ..................................................................................... 13

*DSC Comms. Corp. v. DGI Tech., Inc.*,

81 F.3d 597, 600 (5th Cir. 1996) .......................................................................................... 13

*eBay Inc. v. MercExchange, LLC*,

547 U.S. 388 (2006)............................................................................................................. 13

*Edge v. TLW Energy Servs., LLC*,

No. 22-50288, 2023 WL 3267847 (5th Cir. May 5, 2023)....................................................... 6

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,

499 U.S. 340 (1991)............................................................................................................... 6

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,

586 U.S. 296 (2019)............................................................................................................... 6

*Glacier Films (USA), Inc. v. Turchin*,

896 F.3d 1033 (9th Cir. 2018) ........................................................................................... 7, 8

*Graham v. Coconut LLC*,

No. 16-606-ALM, 2017 WL 2600318 (E.D. Tex. June 15, 2017) ............................................ 4

*Harper & Row Publishers, Inc. v. Nation Enterprises*,

471 U.S. 539 (1985).............................................................................................................. 9

*In re Aimster Copyright Litigation*,

334 F.3d 643 (7th Cir. 2003) ................................................................................................. 9

*In re OCA, Inc.*,

551 F.3d 359 (5th Cir.  2008) ................................................................................................ 5

*J & J Sports Prods, Inc. v. Morelia Mexican Res., Inc.*,

126 F. Supp. 3d 809 (N.D. Tex. 2015) ................................................................................... 4

*James v. Frame*,

6 F.3d 307 (5th Cir. 1993) ................................................................................................... 14

*Kiva Kitchen & Bath Inc. v. Cap. Distrib. Inc.*,

319 Fed. Appx. 316, 320 (5th Cir. 2009).............................................................................. 14

iv

*Lewis v. S. S. Baune*,

    534 F.2d 1115 (5th Cir. 1976) ................................................................................. 13

*Lindsey v. Prive Corp.*,

    161 F.3d 886 (5th Cir. 1998) ..................................................................................... 3

*Lucas v. Duncan*,

    574 F.3d 772 (D.C. Cir. 2009) ................................................................................... 9

*Malibu Media, LLC v.*

    *Dhandapani*, No. 19-1300, 2022 WL 6120175 (N.D. Tex. Feb. 12, 2020) ......................... 5, 15

*Malibu Media, LLC v. Flanagan*,

    No. 13-5890, 2014 WL 2957701 (E.D. Pa. July 1, 2014) ........................................... 13

*Malibu Media, LLC v. Funderburg*,

    No. 13-2614, 2015 WL 1887754 (N.D. Ill. Apr. 24, 2015) ............................................ 9

*Malibu Media, LLC v. Riddlemoser*,

    No. 19-832, 2020 WL 6128058 (N.D. Tex. Jan.  9, 2020) ........................................... 15

*Malibu Media, LLC v. Siegert*,

    No. 19-928, 2020 WL 1916508 (W.D. Tex. Apr. 20, 2020) ........................................ 14

*Malibu Media, LLC v. Yamada*,

    No. 17-1183, 2019 WL 1586813 (D.N.J. Apr. 12, 2019) ............................................ 15

*Mason v. Lister*,

    562 F.2d 343 (5th Cir. 1977) ..................................................................................... 3

*Meaux Surface Prot., Inc. v. Fogleman*,

    607 F.3d 161 (5th Cir. 2010) ................................................................................... 15

*Mitchell Bros. Film Grp. v. Cinema Adult Theater*,

    604 F.2d 852 (5th Cir. 1979) ..................................................................................... 6

*Nishimatsu Const. Co. v. Houston Nat. Bank*,

    515 F.2d 1200 (5th Cir. 1975) ......................................................................... 3, 4, 10

*Playboy Enters., Inc. v. Webbworld, Inc.*,

    991 F. Supp. 543 (N.D. Tex. 1997) ........................................................................... 7

*R A Guthrie Company, Inc. v. Boparai*,

    No. 18-080-ALM, 2021 WL 1148957 (E.D. Tex. Feb. 28, 2021) .................................. 3, 4, 5

*Ridings v. Aspen Contracting, Inc.*,

   No. 19-1048 (RP), 2022 WL 1118417 (W.D. Tex. Jan. 20, 2022)............................................. 4

*Rimini St., Inc. v. Oracle USA, Inc.*,

   586 U.S. 334 (2019)............................................................................................................... 15

*Sheldon v. Metro-Goldwyn Pictures Corp.*,

   81 F.2d 49 (2d Cir. 1936)......................................................................................................... 9

*Sony BMG Music Entm't v. Tenenbaum*,

   660 F.3d 487 (1st Cir. 2011).................................................................................................. 10

*Sony Pictures Home Entertainment, Inc. v. Lott*,

   471 F. Supp. 2d 716 (N.D. Tex. 2007) ................................................................................. 7, 9

*Strike 3 Holdings, LLC v. DeFina*,

   No. 21-15681, 2022 WL 16744122 (D.N.J. Nov. 7, 2022) .................................................. 7, 13

*Strike 3 Holdings, LLC v. Doe*,

   No. 17-1731, 2020 WL 531996 (W.D. Wash. Feb. 3, 2020)...................................................... 8

*Strike 3 Holdings, LLC v. Doe*,

   No. 18-1173, 2019 WL 1277561 (N.D. Cal. Mar. 20, 2019) .................................................. 13

*Strike 3 Holdings, LLC v. Doe*,

   No. 18-5305, 2020 WL 6875260 (E.D.N.Y. Nov. 12, 2020) .................................................. 13

*Strike 3 Holdings, LLC v. Doe*,

   No. 21-1661 (E.D.N.Y. Jan. 19, 2022) ................................................................................... 8

*Strike 3 Holdings, LLC v. Doe*,

   No. 23-1985, 2023 WL 3483288 (N.D. Cal. May 15, 2023)...................................................... 7

*Strike 3 Holdings, LLC v. John Doe Subscriber assigned IP address 173.175.203.141*;

   Civil Case No. 3:23-cv-02135-X (N.D.Tex., Sept. 25, 2023) ................................................. 12

*Strike 3 Holdings, LLC v. John Doe Subscriber assigned IP address 70.124.157.216*;

   Civil Case No. 3:22-cv-01995-K (N.D.Tex., Sept. 8, 2022) ................................................... 11

*System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*,

   242 F.3d 322 (5th Cir. 2001) .................................................................................................. 3

*TD Bank N.A. v. Hill*,

   928 F.3d 259 (3d Cir. 2019).................................................................................................. 14

*U.S. For Use of M-CO Const., Inc. v. Shipco Gen., Inc.*,

    814 F.2d 1011 (5th Cir. 1987) ............................................................................. 3

*U.S. Postal Serv. Bd. of Governors v. Aikens*,

    460 U.S. 711 (1983) .......................................................................................... 9

*U.S. v. Larman*,

    547 Fed. Appx. 475 (5th Cir. 2013) .................................................................... 8

*UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*,

    118 F.4th 697 (5th Cir. 2024) ............................................................................ 8

*UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*,

    384 F. Supp. 3d 743 (W.D. Tex. 2019)........................................................... 7, 10

*Virgin Records America, Inc. v. Bagan*,

    2009 WL 2170153 (D.N.J. 2009) ...................................................................... 10

*Williams v. Life Savings and Loan*,

    802 F.2d 1200 (10th Cir.1986) ........................................................................... 3

*Wooten v. McDonald Transit Assocs., Inc.*,

    788 F.3d 490 (5th Cir. 2015) ..................................................................... 5, 6, 12

**Statutes**

17 U.S.C. § 502(a) ................................................................................................ 12

17 U.S.C. § 503(b) ........................................................................................... 12, 14

17 U.S.C. § 505.................................................................................................... 15

17 U.S.C. §§ 504(a)(2 .......................................................................................... 14

28 U.S.C. § 1331................................................................................................. 3, 4

28 U.S.C. § 1332.................................................................................................... 4

28 U.S.C. § 1961(a) .............................................................................................. 15

**Rules**

Fed. R. Civ. P. 55............................................................................................ 1, 2, 6

Fed. R. Civ. P. 8 .................................................................................................... 5

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT**

Plaintiff Strike 3 Holdings, LLC ("Plaintiff"), by and through its counsel of record, and pursuant to Fed. R. Civ. P. 55, hereby submits its Memorandum of Points and Authorities in Support of its Motion for Default Judgment filed contemporaneously herewith against Defendant William Marshall ("Defendant").

## I.     INTRODUCTION AND SUMMARY OF THE ARGUMENT

Plaintiff seeks default judgment against Defendant for failure to plead or otherwise defend against Plaintiff's First Amended Complaint ("Complaint") requesting relief for copyright infringement of Plaintiff's motion pictures listed by copyright registration number in and attached to the Complaints as Exhibit A.  ECF Nos. 1 and 16.  Defendant, having been properly served with a summons and notified of this litigation, has failed to appear or respond to Plaintiff's Complaint.  ECF No. 24.  As a result, Plaintiff now seeks default judgment by this Court awarding: (1) injunctive relief and whatever other equitable relief this Court deems just and appropriate; (2) statutory damages under the Copyright Act; and (3) such reasonable costs incurred by Plaintiff in this litigation.

## II.     BACKGROUND

On November 17, 2023, Plaintiff filed its Complaint in this action.  Since the subscriber's identity was initially unknown to Plaintiff, Plaintiff moved for an order allowing it to serve a third-party subpoena so that it could obtain the name and address of the subscriber assigned IP address 173.175.202.234 from the Internet Service Provider ("ISP").  The Court granted this motion and pursuant to the issuance of a third-party subpoena, the ISP disclosed the subscriber's true identity to Plaintiff.  Plaintiff determined that Defendant was the infringer.  *See* Declaration of Paul S. Beik ("Beik Decl.") filed concurrently herewith at ¶3.  In learning Defendant's true identity, Plaintiff

1

discovered that Defendant's name and address was listed as the internet subscriber in other prior BitTorrent copyright infringement cases which Plaintiff filed in the Northern District of Texas. See *Strike 3 Holdings, LLC v. John Doe Subscriber assigned IP address 70.124.157.216*; Civil Case No. 3:22-cv-01995-K (N.D.Tex. Sept. 8, 2022) and *Strike 3 Holdings, LLC v. John Doe Subscriber assigned IP address 173.175.203.141*; Civil Case No. 3:23-cv-02135-X (N.D.Tex., Sept. 25, 2023) (hereinafter collectively referred to as "Prior Cases"). In the Prior Cases, Spectrum revealed that the subscriber of the respective IP addresses was Defendant, William Marshall at 111 W Davis St Apt 2627 Dallas, TX 75208. In the Prior Cases, Defendant lived at the residence listed above during the respective period of infringement. *Id.* at 3; ECF No. 16 at ¶¶64-69.

On June 18, 2024, Plaintiff filed its First Amended Complaint, which identified the Defendant "JOHN DOE, subscriber assigned IP address 173.175.202.234," as William Marshall. *Id.* at ¶4. On July 25, 2024, Defendant, was personally served with a copy of the Summons and First Amended Complaint. *Id.* at ¶5: ECF No. 22. On July 26, 2024, the Return of Service from the process server was filed with the Court. *Id.* Defendant failed to plead or otherwise defend against Plaintiff's Complaint. On September 13, 2024, the Clerks' Entry of Default was entered on the docket. *Id.* at ¶7; ECF No. 24. Defendant still failed to respond or otherwise participate in this lawsuit. The Defendant is not a minor, incompetent person, or in active military service. *Id.* at ¶8; Exhibit A to Beik Decl.

### III.  LEGAL ARGUMENT

#### A.  Default Judgment Standard

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)–(b). A party is not entitled to a default judgment simply because a defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is

2

generally committed to the discretion of the court.  *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).  This requires a two-step analysis.  First, the Court must determine the procedural propriety of entering a default judgment.  In doing so, it considers these non-exhaustive factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *R A Guthrie Company, Inc. v. Boparai*, No. 18-080-ALM, 2021 WL 1148957, at *4 (E.D. Tex. Feb. 28, 2021) (citing *Lindsey* factors).  If procedurally appropriate, the Court then considers whether the plaintiff's complaint is adequate.  There must be sufficient basis in the pleadings for the judgement to be entered.  *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  If these two steps are satisfied, a plaintiff must prove its damages.  See *U.S. For Use of M-CO Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages.").

### B.    Default Judgment is Procedurally Warranted

When entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1203 (10th Cir.1986)).  Federal courts have subject matter jurisdiction over any civil actions that involve a question of federal law, or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  With respect to personal jurisdiction, the district court must determine whether exercising jurisdiction over the defendant is consistent with

the due process clause analysis of minimum contacts. *System Pipe and Supply*, 242 F.3d at 324. Here, the Court has jurisdiction as to both. Moreover, service of process was properly effectuated in this matter.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (jurisdiction over copyright actions). This Court has personal jurisdiction over Defendant because Defendant resides within this District. Indeed, Defendant is an individual residing at 111 W. Davis St., Apt. 2627, Dallas, Texas. Service of process was also proper. Plaintiff personally served Defendant with a Summons and First Amended Complaint on July 25, 2023. Beik Decl. at ¶5; ECF No. 23. Moreover, the Defendant is not a minor or incompetent person or active in the military service. Beck Decl. at ¶8. Because no exemption to personal service applies to this litigation, service under Fed. R. Civ. P. 4(e) was proper.

Moreover, the *Lindsey* factors weigh in favor of a default judgment against Defendant. Because Defendant did not file a responsive pleading or otherwise respond to the Complaint, there are no material facts in dispute. *Nishimatsu Const. Co.,* 515 F.2d at 1206. The failure by Defendant to appear and respond has ground the adversary process to a halt, prejudicing Plaintiff's ability to pursue and obtain its requested relief. *See J & J Sports Prods, Inc. v. Morelia Mexican Res., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests."); *Ridings v. Aspen Contracting, Inc.*, No. 19-1048 (RP), 2022 WL 1118417, at *2 (W.D. Tex. Jan. 20, 2022) (same); *Boparai*, 2021 WL 1148957 at *4 (same). The grounds for default are also established: Defendant was properly served and has failed to appear and participate at all, much less timely file a responsive pleading. *Graham v. Coconut LLC*, No. 16-606-ALM, 2017 WL 2600318, at *2 (E.D. Tex. June 15, 2017). Defendant was personally served with the Summons and First Amended

Complaint on July 25, 2024.  On July 26, 2024, the Return of Service from the process server was filed with the Court.  *Id.* at ¶5; ECF No. 22.  On September 13, 2024, the Clerk's Entry of Default was entered on the docket.  *Id.* at ¶7; ECF No. 24.  The Defendant <u>still</u> failed to appear or respond. Nothing on the record supports a finding that Defendant's default and failure to participate resulted from a mistake or excusable neglect.  Next, Defendant's failure to file any responsive pleading or motion mitigates the harshness of a default judgment.  *See Malibu Media, LLC v. Dhandapani*, No. 19-1300, 2022 WL 6120175, at *2 (N.D. Tex. Feb. 12, 2020); *Boparai*, 2021 WL 1148957 at *5 (citing cases). With respect to the sixth *Lindsey* factor, there are no facts before this Court that would obligate it to set aside the requested default judgment if challenged by the Defendant.  The service on Defendant without answer suggests Defendant's lack of appearance was willful, an intentional failure to respond to litigation.  *Id.* (citing *In re OCA, Inc.*, 551 F.3d 359, 370, n. 32 (5th Cir.  2008)) (quotations omitted).  Finally, the Defendant is not a minor, incompetent person, or in active military service.  Beik Decl. at ¶8.  Thus, Plaintiff's default judgment is procedurally warranted.

### C.    There is Sufficient Basis for the Entry Of Judgment

When reviewing a motion for default judgment, the sufficiency of the pleadings is analyzed under Rule 8, rather than Rule 12(b)(6), because "a default is the product of a defendant's *inaction*."  *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 n.3 (5th Cir. 2015).

> Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (footnote and citations omitted). "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

5

*Id.* at 498 (cleaned up) (footnote omitted).  In addition, while the analysis under Rule 8 typically is limited to the pleading itself, the discretion afforded under Rule 55(b)(2) to hear evidence to "establish the truth of any allegation by evidence" or "investigate any other matter" includes permitting a plaintiff to "add[] factual details that flesh[] out [its] claim" when seeking default judgment. *Id.* at 500. "In this regard, '[t]he role of a district court in adjudicating a motion for default judgment is limited,' and the 'court takes as true the facts asserted by a plaintiff against a defaulting defendant.'" *Edge v. TLW Energy Servs., LLC*, No. 22-50288, 2023 WL 3267847, at *5 (5th Cir. May 5, 2023) (per curiam) (quoting *Escalante*, 34 F.4th at 492).

### 1.  Plaintiff has stated a claim for copyright infringement

The elements of copyright infringement are: "(1) ownership of a valid copyright and (2) the copying of constituent elements of the work that are original."  *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 439 (5th Cir. 2017) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).  A plaintiff must also allege volitional conduct. *Id.* at 444.

First, Plaintiff alleges it owns valid copyrights in each of the 43 works at issue, *see generally Mitchell Bros. Film Grp. v. Cinema Adult Theater*, 604 F.2d 852 (5th Cir. 1979), which were registered with the Copyright Office at the time suit was filed.  ECF No. 16 at ¶¶2, 42, 45, 72; ECF No. 16-1 (listing registration and publication information for each work); *see Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296 (2019).  "Plaintiff clearly asserts that it owns valid copyrights for the works at issue."  *DeFina*, 2022 WL 16744122 at *2.

Second, Plaintiff alleges Defendant copied[1] constituent elements of its original works.  ECF No. 16 at ¶¶4, 27–44, 74.  To advance this allegation across the line from a legal conclusion

---

[1]     "'Copying' is a judicial shorthand for the infringement of any of a copyright owner's exclusive rights." *Playboy Enters., Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 550–51 (N.D. Tex.

to one of "historical fact," *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789–90 (3d Cir. 2016),

Plaintiff included the following allegations, which "comprehensively allege[] that Defendant

copied original elements of its copyrighted works and sufficiently describe[] the manner by which

the Defendant infringed upon these works." *Strike 3 Holdings, LLC v. DeFina*, No. 21-15681,

2022 WL 16744122, at *2 (D.N.J. Nov. 7, 2022).

BitTorrent is a peer-to-peer file sharing protocol that enables users to download and

distribute files in a decentralized manner. ECF No. 16 at ¶¶17–26.

> One type of peer-to-peer networking involves the BitTorrent protocol, in which a file is broken up into smaller pieces from various peers and then reassembled upon completion of a download. With BitTorrent, each user is both downloading and uploading several different pieces of a file from and to multiple other users. Peer-to-peer networks like BitTorrent are ideally suited for sharing large files, a feature that has led to their adoption by, among others, those wanting access to pirated media, including music, movies, and television shows.

*Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1035 (9th Cir. 2018) (McKeown, J.) (citation

omitted). The key is that an individual who uses BitTorrent to download a file does not obtain the

entire file from a single source. ECF No. 16 at ¶¶17–26. Rather, the file is chopped into pieces

and downloaded from (and then distributed to) many peers (*i.e.*, the "Swarm"). *See id.*

A person who wants to obtain a movie using BitTorrent will (1) obtain a ".torrent" file,

which contains the instructions (*i.e.*, an "Info Hash" value) to find, download, and reassemble the

pieces of the movie file, much like a jigsaw puzzle, and (2) use that ".torrent" file to download the

movie file in pieces from other peers in the Swarm and reassemble the pieces of the movie file into

its original form, "ready for playing." *Id.* at ¶¶19–26; *Strike 3 Holdings, LLC v. Doe*, No. 23-1985,

2023 WL 3483288, at *2 (N.D. Cal. May 15, 2023) (initiating a download with "BitTorrent

---

1997), *aff'd*, 168 F.3d 486 (5th Cir. 1999). Downloading and distributing movies over a peer-to-peer network constitutes copyright infringement. *See Sony Pictures Home Entm't, Inc. v. Lott*, 471 F. Supp. 2d 716, 721 (N.D. Tex. 2007), *aff'd*, 255 Fed. Appx. 878 (5th Cir. 2007).

requires human interaction"). By using the ".torrent file" to download file pieces, that person also becomes a part of the Swarm and uploads (*i.e.*, distributes) the file pieces to other peers. ECF No. 18 at ¶¶17–18; *Glacier Films*, 896 F.3d at 1035 ("With BitTorrent, 'each user is both downloading and uploading different pieces of a file from and to multiple other users.'"); *see also U.S. v. Larman*, 547 Fed. Appx. 475, 481 (5th Cir. 2013) (noting that a defendant does "not need to be physically present at the house to allow the files' transmission to other computers"). VXN Scan collected evidence in this matter by (1) identifying ".torrent" files that download and distribute unauthorized copies of Plaintiff's works, ECF No. 16 at ¶¶31–35; *see* ECF No. 7-2 (Williamson Decl. ¶¶43–51; Stalzer Decl. ¶¶7–11); and (2) using those ".torrent" files to download file pieces of the infringing movie files that Defendant made available for upload,[2] recorded in PCAPs ("packet capture"). ECF No. 16 at ¶¶27–44, 65; *see* ECF No.7-2 (Williamson Decl. ¶¶52–70). These allegations raise the reasonable inference that Defendant engaged in volitional conduct to copy "constituent elements" of 43 of Plaintiff's copyrighted works. ECF No. 16 at ¶¶43, 74; *see UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, 118 F.4th 697, 710 (5th Cir. 2024) (holding copying of files using BitTorrent can be identified by hash values).

Plaintiff's pre-suit evidence shows that Defendant has copied "pieces" of each work— because that is how BitTorrent *works*—but there is also a reasonable inference that "by exchanging bits of Plaintiff's copyrighted movies," Defendant "eventually compiled complete copies of the

---

[2]    One court incorrectly found that Plaintiff can only show the defendant possesses ".torrent" files, but not pieces of the infringing movie files, because Plaintiff had identified the infringing files by the "Info Hash" values, rather than their "File Hash" values. *Strike 3 Holdings, LLC v. Doe*, No. 17-1731, 2020 WL 531996, at *5 (W.D. Wash. Feb. 3, 2020), *aff'd on other grounds*, 849 Fed. Appx. 183 (9th Cir. 2021). Importantly, that matter did not involve VXN Scan and Plaintiff has revised its filings to resolve the ambiguity that led to that error. *See Strike 3 Holdings, LLC v. Doe*, No. 21-1661 (E.D.N.Y. Jan. 19, 2022) (Brown, J.) (Text Order) (discharging order to show cause).

works," and "even if [Defendant] didn't compile complete copies, he plausibly infringed Plaintiff's copyrights by copying 'constituent elements' of those works" because "BitTorrent's purpose is to help a user collect bits that make a complete file viewable."[3] *Malibu Media, LLC v. Funderburg*, No. 13-2614, 2015 WL 1887754, at *2 (N.D. Ill. Apr. 24, 2015). "'Inferences'—which are commonly described as 'circumstantial evidence'—are as capable of providing evidentiary support as 'facts'—which are commonly described as 'direct evidence.'" *Lucas v. Duncan*, 574 F.3d 772, 777 (D.C. Cir. 2009) (citations omitted); *see U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 714 n.3 (1983) ("As in any lawsuit, the plaintiff may prove his case by direct or circumstantial evidence."). Accordingly, Plaintiff has "quite clearly" and "unmistakably" alleged the elements of a claim for copyright infringement. *Strike 3*, 2020 WL 3567282 at *5–6.

Indeed, courts have held that using file-sharing software and protocols, such as BitTorrent, to download copyrighted works and reproduce, distribute, display, or perform them without permission of the copyright holder constitutes copyright infringement. *See, e.g., Sony Pictures Home Entertainment, Inc. v. Lott*, 471 F. Supp. 2d 716, 721 (N.D. Tex. 2007) (citing as examples *A & M Records, Inc. v. Napster*, 239 F.3d, 1004, 1014 (9th Cir. 2001) and *In re Aimster Copyright Litigation*, 334 F.3d 643, 645 (7th Cir. 2003)); *Atl. Recording Corp. v. Anderson*, No. H-06-3578, 2008 U.S. Dist. LEXIS 53654 at *20-22 (S.D. Tex. Mar. 12, 2008) (holding that making

---

[3]     Moreover, although Defendant's default prevents discovery of evidence in his possession—*i.e.*, that Defendant in fact has complete copies of each work—the mere possibility that he only downloaded *some* of each work is not a defense. "As Judge Learned Hand cogently remarked, 'no plagiarist can excuse the wrong by showing how much of his work he did not pirate.'" *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 564–65 (1985) (quoting *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 55 (2d Cir. 1936)); *Burroughs v. Metro-Goldwyn-Mayer, Inc.*, 683 F.2d 610, 624 n.14 (2d Cir. 1982) ("[A] copyright infringement may occur by reason of a substantial similarity that involves only a small portion of each work."); *Clear Skies Nevada, LLC v. Kainu*, No. 16-811, 2017 WL 4021121, at *7 (D. Or. Aug. 21, 2017), *report and rec. adopted*, 2017 WL 4012960 (D. Or. Sept. 12, 2017).

copyrighted works available for download through a peer-to-peer network constituted a violation); *Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 489-96, 497-501 (1st Cir. 2011) (finding copyright infringement where file-sharing software was used to download and distribute media); *Virgin Records America, Inc. v. Bagan*, 2009 WL 2170153, at *3 (D.N.J. 2009) (holding that "using P2P network software to download copyrighted recordings and distribute them over the network without permission of the copyright holder constitutes copyright infringement"); *BMG Music v. Gonzalez*, 430 F.3d 888, 890-91 (7th Cir. 2005) (downloading copyrighted works through peer-to-peer networks is not fair use); *Atl. Recording Corp. v. Anderson*, No. 6-3578, 2008 WL 2316551, at *8 (S.D. Tex. Mar. 12, 2008); *see also UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, 384 F. Supp. 3d 743, 764 (W.D. Tex. 2019) (describing that the "great weight of the case law" supports characterizing the making of files available through a peer-to-peer network as distribution); *Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 970 (N.D. Tex. 2006) (finding that a complaint that alleged distribution of copyrighted materials by placing them on a peer-to-peer network sufficiently pleaded a claim of copyright infringement).

The First Amended Complaint alleges that Plaintiff has registered with the U.S. Copyright Office all 43 Works[4] in this litigation.  ECF No. 16 at ¶¶42, 45, 73. Additionally, Plaintiff alleged that Defendant violated Plaintiff's exclusive right to reproduce and distribute copies of the works when Defendant willfully copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol.  *Id.* at ¶¶43-44, 74-76.  These allegations asserted in the First Amended Complaint are taken as true where Defendant has failed to respond to them.  *Nishimatsu Constr. Co.,* 515 F.2d at 1206.

---

[4]  The Works are identified in Exhibit to the First Amended Complaint. *See* Exhibit A to Beik Decl.

10

### 2. Plaintiff's First Amended Complaint Plausibly Identified Defendant as the Infringer

Once the ISP identified the subscriber, the new facts uncovered from the investigation of the subpoena response underscored that Defendant is, in fact, the infringer.

First, Plaintiff also logged BitTorrent network activity emanating from IP address 173.175.202.234 involving works other than Plaintiff's 43 copyrighted works during the period of infringement. Collectively, this evidence is referred to as the "Additional Evidence." ECF No. 16 at ¶56. Plaintiff's Additional Evidence indicates that IP address 173.175.202.234 was used to download and distribute at least 1,816 files relating to other adult movies and mainstream media (*i.e.*, movies, music, books, software, TV shows, and other works) using the BitTorrent protocol during the period of infringement. *Id.* at ¶57. This consistent and prolonged history of BitTorrent activity indicates that the infringer is unlikely to be a houseguest or infrequent visitor. *Id*. at ¶58.

Second, Defendant's publicly available social media indicates that Defendant possesses professional skills in account management, team building, sales management, and marketing. *Id.* at ¶59. Plaintiff's Additional Evidence lists files related to Defendant's skills including, but not limited to: email marketing, leadership and teamwork. *Id*. at ¶60.

Third, Defendant's publicly available social media indicates that Defendant is interested in a particular genre of adult content. *Id*. at ¶61. Plaintiff's Additional Evidence lists files related to Defendant's interest in that genre of adult content. *Id*. at ¶62.

Finally, in learning Defendant's true identity, Plaintiff discovered that Defendant's name and address was listed as the internet subscriber in other prior BitTorrent copyright infringement cases which Plaintiff filed in the Northern District of Texas. *See Strike 3 Holdings, LLC v. John Doe Subscriber assigned IP address 70.124.157.216*; Civil Case No. 3:22-cv-01995-K (N.D.Tex., Sept. 8, 2022) and *Strike 3 Holdings, LLC v. John Doe Subscriber assigned IP address*

11

*173.175.203.141*; Civil Case No. 3:23-cv-02135-X (N.D.Tex., Sept. 25, 2023) (hereinafter collectively referred to as "Prior Cases").    Biek Decl. at ¶3.  In the Prior Cases, after obtaining permission from the court, Plaintiff subpoenaed the internet service provider for the subscriber's identity.  In the Prior Cases, Spectrum revealed that the subscriber of the respective IP addresses was Defendant, William Marshall at 111 W Davis St Apt 2627 Dallas, TX 75208.  In the Prior Cases, Defendant lived at the residence listed above during the respective period of infringement.  ECF No. 18 at ¶¶ 66-68.  This consistent and prolonged history of infringement of Plaintiff's works along with two other separate notifications to Defendant of the BitTorrent activity occurring from the residence indicate that the infringer is unlikely to be a houseguest or infrequent visitor.

Plaintiff's allegations in the First Amended Complaint satisfies Rule 8's requirements of "a short and plain statement of the claim showing that the pleader is entitled to relief" that "give[s] the defendant fair notice of what the . . .  claim is and the grounds upon which it rests." *Wooten*, 788 F.3d at 498 (quoting *Twombly,* 550 U.S. at 555).  Plaintiff asserts more than an "an unadorned, the-defendant-unlawfully-harmed-me accusation," and alleges sufficient facts connecting Defendant to the infringement to "raise[] the right to relief above the speculative level." *Id.* (quoting *Iqbal,* 556 U.S. at 678). Accordingly, Plaintiff respectfully submits that the substantive merits of its claim show a sufficient basis for the entry of default judgment.

## IV.    THE COURT SHOULD AWARD PLAINTIFF ITS REQUESTED RELIEF

### A.    Permanent Injunctive Relief & Destruction of Infringing Copies

The Copyright Act permits this Court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright," 17 U.S.C. § 502(a), including ordering the destruction of infringing copies. 17 U.S.C. § 503(b); *Arista Recs. LLC v. Stone, No.* 07-232, 2007 WL 9710840, at *4 (W.D. Tex. Sept. 26, 2007).  A party can obtain a injunctive relief if it demonstrates: "(1) that it has suffered an irreparable injury; (2) that

12

remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *DSC Comms. Corp. v. DGI Tech., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). "As in numerous other BitTorrent cases . . . the four elements are established here." *Dallas Buyers Club, LLC v. Bui*, No. 14-1926, 2016 WL 1242089, at *3 (W.D. Wash. Mar. 30, 2016) (citation omitted).

The first and second elements of "irreparable injury" and "no adequate remedy at law" are indistinguishable here. *Lewis v. S. S. Baune*, 534 F.2d 1115, 1124 (5th Cir. 1976). Plaintiff will suffer irreparable harm if an injunction is not granted because, without one, nothing will prevent Defendant from infringing on Plaintiff's copyrighted works by distributing them to others using the BitTorrent protocol. *See Malibu Media, LLC v. Flanagan*, No. 13-5890, 2014 WL 2957701, at *5 (E.D. Pa. July 1, 2014). Similarly, monetary relief is inadequate because "due to the nature of BitTorrent, tracing the extent and magnitude of the damage is impossible." *Strike 3 Holdings, LLC v. Doe*, No. 18-1173, 2019 WL 1277561, at *7 (N.D. Cal. Mar. 20, 2019).

Third, Defendant will suffer no hardship from a permanent injunction because "[t]he only hardship imposed upon the Defendant [by an injunction] is that they obey the law." *DeFina*, 2022 WL 16744122 at *4 (citation omitted). "[I]t is axiomatic that an infringer cannot complain about the loss of ability to offer its infringing product." *Strike 3 Holdings, LLC v. Doe*, No. 18-5305, 2020 WL 6875260, at *4 (E.D.N.Y. Nov. 12, 2020) (citation omitted).

Finally, prevention of copyright infringement "preserv[es] the integrity of copyright laws which encourage individual effort and creativity by granting valuable enforceable rights." *DSC Comm. Corp. v. DGI Tech.*, 898 F. Supp.1183, 1196 (N.D. Tex. 1995), aff'd, 81 F.3d 597 (5th Cir.

13

1996); see *TD Bank N.A. v. Hill*, 928 F.3d 259, 285 (3d Cir. 2019) ("By recognizing the public's interest in accessing intriguing works, we do not countenance blatant piracy or indulge in second-guessing of a copyright holder's business model."). Accordingly, the foregoing factors make a permanent injunction against Defendant appropriate and warranted. Similarly, since the mere "presence of" its works in the BitTorrent network "subjects Plaintiff to the continued infringement," *see Malibu Media, LLC v. Siegert*, No. 19-928, 2020 WL 1916508, at *3 (W.D. Tex. Apr. 20, 2020) (citation omitted), it is also appropriate to "order the destruction or other reasonable disposition of all copies" on Defendant's computer devices. See 17 U.S.C. § 503(b).

### B.     Minimum Statutory Damages Per Infringed Work

The Copyright Act permits a plaintiff to elect statutory damages, rather than actual damages. 17 U.S.C. §§ 504(a)(2), (c)(1); see ECF No. 16 at ¶46 (electing statutory damages). An award of statutory damages may be recovered between $750 and $30,000, for each work infringed, "as the court considers just."  17 U.S.C. § 504(c)(1); *Kiva Kitchen & Bath Inc. v. Cap. Distrib. Inc.*, 319 Fed. Appx. 316, 320 (5th Cir. 2009) (holding trial courts have "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima") (citations omitted). "This 'broad discretionary power given courts to make such an award serves the dual purposes of the Copyright Act: to compensate copyright owners and to provide a deterrent for would-be infringers.'" *Am. Registry of Radiologic Technologists v. Bennett*, No. 12-109, 2013 WL 4520533, at *13 (W.D. Tex. Aug. 26, 2013) (citation omitted). When damages or costs are capable of mathematical calculation a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

All the works are eligible for statutory damages because (a) Defendant's infringement occurred after publication, and/or (b) each work was registered within three months of publication. See ECF No. 16 at ¶¶41–42, 45; ECF No. 16-1; 17 U.S.C. § 412; *Malibu Media, LLC v. Yamada*,

14

No. 17-1183, 2019 WL 1586813, at *3 (D.N.J. Apr. 12, 2019).  Plaintiff respectfully submits that an award of the minimum statutory damages for each work would serve the dual purposes of the Copyright Act: compensating Plaintiff and deterring Defendant.

### C.    Statutory Filing & Administrative Fees and Service Costs

Under the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party[.]" 17 U.S.C. § 505; *Rimini St., Inc. v. Oracle USA, Inc.*, 586 U.S. 334 (2019).  Plaintiff seeks recovery of its filing fees and service costs.  Beik Decl. at ¶¶9-10, Exhibit B.  The filing fee and service of process fee are reconsidered reasonable costs in court cases such as this one involving copyright infringement.  *Malibu Media, LLC v. Riddlemoser*, No. 19-832, 2020 WL 6128058, at *3 (N.D. Tex. Jan.  9, 2020) (holding that $400 for the filing fee and $90 for service of process is a reasonable cost); *Malibu Media v. Dhandapani*, No. 19-1300, 2020 WL 6120175, at *3 (N.D. Tex. Feb. 12, 2020) (holding that $400 for the filing fee and $75 for service of process is a reasonable cost.   Here, Plaintiff seeks to recover only its filing fee in the amount of $402.00 and the cost of $159.90 for service of process.  As such, these costs are reasonable and should be rewarded.

### D.    Post-Judgment Interest

Post-judgment interest is mandatory on awards in civil cases.  28 U.S.C. § 1961(a); *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010).

### E.    Attorneys' Fees

Plaintiff does not seek an award of pre-judgment interest and attorneys' fees on default, 17 U.S.C. § 505, but reserves the right to pursue such relief if Defendant appears in this action.

## V. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court enter a default judgment in favor of Plaintiff and against Defendant, in the form of the Proposed Default Judgment and Permanent Injunction attached hereto.

Dated: January 6, 2025          Respectfully submitted,

By: */s/ Paul S. Beik*
PAUL S. BEIK
Texas Bar No. 24054444
BEIK LAW FIRM, PLLC
917 Franklin Street, Suite 220
Houston, TX 77002
T: 713-869-6975
F: 713-583-9169
E-mail: paul@beiklaw.com

**ATTORNEY FOR PLAINTIFF**

16