UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-2556-X |
| | § | |
| WILLIAM MARSHALL, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Strike 3 Holdings, LLC's (Strike 3) Motion for Default Judgment. (Doc. 25). After reviewing the motion and legal standard, the Court **GRANTS** the motion for default judgment and enters judgment in favor of Strike 3.

### I. Background

This is a copyright infringement case involving the alleged infringement by Defendant William Marshall of Strike 3's copyright motion pictures. Strike 3 filed this suit against a John Doe, then moved for leave to serve a third-party subpoena to determine the identity of the user of the IP address of the alleged infringer. Strike 3, by court order, served a subpoena on Spectrum, which revealed the subscriber of the infringing IP address was Defendant William Marshall. Strike 3 amended its complaint and served William Marshall. Marshall has not filed an appearance or otherwise responded. A Clerks' Entry of Default was entered on the docket, and Strike 3 now files this motion for default judgment.

1

## II. Legal Standards

For a default judgment, Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum,

> the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.[1]

A default requires a court to accept as true a plaintiff's well-pled allegations in a complaint.[2] Courts conduct a two-part analysis when determining whether to enter a default judgment. First, courts examine whether a default judgment is appropriate under the circumstances.[3] Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of

---

[1] Fed. R. Civ. P. 55(b)(2).

[2] *See, e.g., Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (a complaint is well-pled when "all elements of [a] cause of action are present by implication"); *In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[3] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[4]  Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings.[5]

### III. Application

Strike 3 has fulfilled all conditions precedent required to seek a default and final judgment in its favor.  The Court has no reason to believe the defendant is incompetent or a minor for the purposes of the additional requirements in Rule 55(b)(2).  So the Court considers the *Lindsey* factors and the sufficiency of Strike 3's pleadings.

### A.     Procedural Appropriateness of Default Judgment

Under the *Lindsey* factors, a default judgment is appropriate in this case. First, there is no dispute of material fact since there has been no responsive pleading from the defendant.  Second, the only prejudice here is that of delay to the plaintiff. There is no prejudice to a defendant who has failed to respond.  Third, the defendant's continual failure to respond or participate in this litigation clearly establishes grounds for the default.  Fourth, regarding mistake or neglect, there is no reason to believe the defendant is acting under a good faith mistake or excusable neglect.  Fifth, the harshness of the default judgment is minimal as the Court is only awarding the minimal statutory damages and limited injunctive relief.  The default judgment

---

[4] *Id.*

[5] *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

would be harsh if Strike 3 incorrectly identified Marshall as the infringer. But, in that case, Marshall could come forward and dispute the suit and the default, and the Court would be inclined to set the default aside. That leads into the sixth factor, whether the Court would be obliged to set aside a default judgment at this stage. The Court would not be obliged to set aside the default judgment in this instance due to the continual lack of response and sufficient allegations made by Strike 3 identifying William Marshall as the infringer. Thus, the Court concludes a default judgment is appropriate under these circumstances.

## B.    Sufficiency of Strike 3's Amended Complaint

The Court must next assess the merits of Strike 3's claim for copyright infringement. Even though, by nature of the default, the allegations are deemed to be admitted, the Court must review the complaint to determine whether Strike 3 established a viable claim for relief.[6] To establish a copyright infringement claim, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."[7] The plaintiff must also prove "volitional-conduct" on behalf of the infringer.[8]

Strike 3's amended complaint[9] alleges, first, that it owns a valid copyright in each infringed work. Second, the complaint alleges that the defendant, using the file distribution system BitTorrent, "shar[ed] specific pieces of 32 digital media files that

---

[6] *See* Rule G(2)(f); *Nishimatsu*, 515 F.2d at 1206.

[7] *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 439 (5th Cir. 2017) (cleaned up).

[8] *Id.* at 443.

[9] Doc. 16.

have been determined to be identical (or substantially similar) to copyrighted works that Plaintiff owns."[10]  The complaint further alleges facts to support that Marshall is the infringer and that he has engaged in continual and repeated infringing activity. Strike 3's Amended Complaint is sufficient.

## C.    Damages

Strike 3 elected statutory damages, rather than actual damages.[11]  Section 504 provides for "an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually . . . in a sum of not less than $750 or more than $30,000 as the court considers just."[12]  In its amended complaint, Strike 3 alleges Marshall infringed upon 32 registered works and provides transactional details for 32 instances.[13]  The Court will award the minimum statutory damages of $750 for each work, totaling $24,000 in statutory damages.

Strike 3 is entitled to costs of Court.  It should file a bill of costs within 14 days. Strike 3 has waived recovery of its attorney's fees in bringing this action, but it reserves the right to pursue such fees should the defendant appear following the date of this Order.

---

[10] Doc. 16 ¶¶ 17, 37.

[11] Doc. 16 ¶ 46.

[12] 17 U.S.C. § 504(c)(1).

[13] Doc. 16 ¶ 4; Doc. 16-1.

Strike 3 is entitled to post-judgment interest as allowed by law, which is 4.13%.[14] This accrues on pre-judgment interest and damages.

### D.     Injunctive Relief

Strike 3 also seeks an order enjoining the defendant from engaging in further infringement and an order requiring Marshall to destroy all works in his possession. The Court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."[15]  The plaintiff must demonstrate four factors for a permanent injunction,

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.[16]

Here, due to the nature of the infringement, Strike 3 will continue to suffer an injury if Marshall continues to infringe and distribute its works.  Similarly, monetary damages are inadequate to compensate for the continued, and potentially limitless, distribution through a system such as BitTorrent.  Marshall will suffer no hardship by being required to dispose of his pirated copies.  Finally, it is in the public interest to prevent copyright infringement and enforce copyright laws.

---

[14] *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . .  Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.").  The 1-year average Treasury yield on June 9, 2025 was 4.13%.  *See* Selected Interest Rates (Daily) - H.15, Board of Governors of the Fed. Rsrv. Sys. (June 16, 2025), https://www.federalreserve.gov/releases/h15 [https://perma.cc/K3AX-FYRR].

[15] 17 U.S.C. § 502(a).

[16] *eBay Inc, v, MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Therefore, Defendant William Marshall is **ENJOINED** from directly, contributorily, or indirectly infringing any of Strike 3's rights under federal or state law in its copyrighted works in any manner and is **ENJOINED** from distributing any of Strike 3's works or making Strike 3's works available to the public, except by lawful license or Plaintiff's express authority. Marshall is further **ORDERED** to destroy all copies of Plaintiff's works downloaded on any hard drive, server, or physical medium in his possession, custody, or control.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Strike 3's motion for default judgment. The Court awards Strike 3 $24,000 in statutory damages, plus its costs and post-judgment interest. Marshall is hereby **ENJOINED** from further infringing conduct as specified in this Order. The Court shall retain jurisdiction over this action until the judgment is satisfied and to enter such further orders the Court deems necessary or appropriate.

Strike 3 will file a bill of costs within 14 days of this order. This is a final judgment. All other relief not expressly granted is denied.

**IT IS SO ORDERED** this 16th day of June, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE